UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| EDWARD A. LIPSCOMB, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CAUSE NO.: 2:07-CV-392 TS |
| BRIAN MILLER, *et al.*, | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Edward A. Lipscomb, a *pro se* prisoner, filed a Complaint under 42 U.S.C. § 1983. He names as Defendants four Hammond police department administrators or officers and two officers of the United States Marshal Service. [Pro Se Complaint, DE 1 at 2]. On November 13, 2007, the Court granted the Plaintiff leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. However, before the Court can consider the merits of the Plaintiff's claims, it must consider whether they are properly asserted in a single lawsuit. As the Seventh Circuit admonished in *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), Federal Rules of Civil Procedure 18 and 20 apply as much to prisoner cases as they do to any other case, and a prisoner may not "dodge" the fee payment or three-strikes provisions in the Prison Litigation Reform Act by filing unrelated claims against different defendants in one lawsuit.

> The controlling principle appears in Fed. R. Civ. P. 18(a): "A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Thus multiple claims against a single party are fine, but Claim A against Defendant 1

> should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this 50-claim, 24-defendant suit produced but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g). George was trying not only to save money but also to dodge that rule. He hoped that if even 1 of his 50 claims were deemed non-frivolous, he would receive no "strikes" at all, as opposed to the 49 that would result from making 49 frivolous claims in a batch of 50 suits.

*George*, 507 F.3d at 607. Although Rule 18 allows a party to join unrelated claims against defendants in a suit, it only applies after the Rule 20 requirements for joinder of parties have been satisfied. Rule 20 prohibits a plaintiff from asserting unrelated claims against different defendants or sets of defendants in the same lawsuit. Multiple defendants may not be joined in a single action unless the plaintiff asserts at least one claim to relief against each that arises out of the same transaction, occurrence, or series of transactions or occurrences and presents questions of law or fact common to all. *George*, 507 F.3d at 607; 3A Moore's Federal Practice § 20.06, at 2036-2045 (2d ed. 1978). If the requirements for joinder of parties have been satisfied under Rule 20 , only then may Rule 18 be used to allow the plaintiff to join as many other claims as the plaintiff has against the multiple defendants or any combination of them, even though the additional claims do not involve common questions of law or fact and arise from unrelated transactions. *Intercon Research Assn., Ltd. v. Dresser Ind., Inc.*, 696 F.2d 53, 57 (7th Cir. 1983) (quoting 7 Charles Alan Wright et al., Federal Practice & Procedure ).

In his twenty-five page statement of his claims, the Defendant first complains that an unknown officer sexually assaulted him on two separate occasions under the pretext of conducting a "patdown" search. [DE 1-2 at 1-14]. Then, the Defendant presents eleven other claims concerning conditions in the Hammond City Jail, including those related to the law

library, meals, recreation, educational opportunities, medical and dental services, personal hygiene, cameras in cells, bedding, and religious services. [DE 1-2 at 14-22]. The Plaintiff requests $15 million in damages for his pain and suffering. [DE 1-2 at 27].

The Plaintiff's Complaint describes separate incidents against separate Defendants or sets of Defendants. Simply because all the Plaintiff's complaints share the same locus does not mean that they are related; the Plaintiff may bring only properly related claims in this case. Therefore, the Court will strike the Complaint. Although the Court is not required to do so, it will grant the Plaintiff leave to file an amended complaint that contains only related claims. Other claims, unrelated to the ones in this case, may only be brought in a separate case or cases. In his amended complaint, the Plaintiff should write a short, plain statement explaining what happened to him, when it occurred, what injuries he suffered as a result, and what each defendant did or did not do that resulted in his injuries. Although the Plaintiff may sue more than one Defendant and he may bring more than one claim, he must limit his Complaint to related claims.

Therefore, the Court:

(1) **STRIKES** the Complaint [DE 1];

(2) **DIRECTS** the Clerk to place this cause number on one blank Prisoner Complaint 42 U.S.C. § 1983 form and send it to Edward A. Lipscomb along with a copy of this Order;

(3) **DIRECTS** the Clerk to send Edward A. Lipscomb three blank Prisoner Complaint packets;

(4) **GRANTS** Edward A. Lipscomb to and including **March 31, 2009**, to file an amended complaint containing only related claims; and

(5) **CAUTIONS** Edward A. Lipscomb that if he does not respond by that deadline, this

case will be closed without further notice.

SO ORDERED on March 2, 2009.

                                               s/ Theresa L. Springmann
                                              THERESA L. SPRINGMANN
                                              UNITED STATES DISTRICT COURT
                                              FORT WAYNE DIVISION